IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-2535-RPM

CANAL UNO TV - RELAD, S.A., An Ecuadorian Corporation,

    Plaintiff,

v.

DISH NETWORK L.L.C., A Colorado Limited Liability Company; and
DISH NETWORK CORPORATION, A Nevada Corporation,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

    IT IS HEREBY STIPULATED by and among the parties hereto through their respective counsel, this Honorable Court consenting, that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a mutual protective order be entered as follows:

    1    The parties hereto, by their undersigned counsel, agree that certain material to be produced by the parties in connection with the above captioned matter (the "Action"), or any appeal thereof, is confidential and/or proprietary, and is properly useable by the parties solely in connection with this Action and should otherwise be kept and remain confidential through the course of this Action and thereafter, and not be used for any other purpose. The parties stipulate and agree that the following protective provisions governing certain material which is confidential and/or proprietary, or which contains confidential and/or proprietary information as defined below, be and hereby are, imposed upon all discovery and litigation proceedings in this

dn-157917

Action, whether such discovery and litigation proceedings are directed at a party to the litigation or at any other person or entity.

## 2. DEFINITIONS

As used in this Protective Order, the word:

**2.1** "Material" shall include any document or information in any form or medium whatsoever, including, without limitation, any written or printed matter, any photograph, drawing, chart, design, or other pictorial representation, and any electronic, magnetic or photographic recording, whether tape, film, disk, microfiche, or any other medium, whether discovered formally or informally, produced voluntarily or involuntarily, pursuant to request or process, or in accordance with the Federal Rules of Civil Procedure or otherwise, including but not limited to F.R.C.P. 26(a) disclosures, interrogatory answers, responses to request for admission, documents produced in response to document requests, deposition testimony, deposition transcripts and exhibits, trial exhibits, hearing or trial transcripts, any portion or summary of any of the foregoing, and any other papers that quote from, reflect, reveal or summarize any of the foregoing.

**2.2** "Person" shall include any party or non-party to this Action whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity.

**2.3** "Interested Person" means any third party who produces any material.

**2.4** "Confidential Information" means any Material designated as confidential in accordance with the terms of this Order.

2.5    "Parties" means the movant, Canal Uno TV-Relad, S.A. ("Canal Uno"), and the respondents, DISH Network LLC and DISH Network Corporation (collectively "DISH").

2.6    "Provide" means the production of any material, whether voluntarily or involuntarily, whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil Procedure.

## 3. DESIGNATION AND USE OF CONFIDENTIAL MATERIALS

3.1    Any Material containing, reflecting, revealing or summarizing Confidential Information may be designated by a party hereto or any Interested Person as such and thus made subject to the limitations of this Protective Order. Confidential Information shall be designated as subject to this Protective Order by stamping or otherwise placing on the face of the document the legend "CONFIDENTIAL" or in the case of a transcript or portion of a transcript, by advising all Parties and Interested Persons at the time of the deposition on the record or in writing within ten days after receiving the transcript that the transcript, or portion thereof, should be treated as Confidential Information under this Protective Order.

3.2    If any Confidential Information is filed with any Court, it shall be placed in an envelope marked "CONFIDENTIAL MATERIAL -- SUBJECT TO PROTECTIVE ORDER NOT TO BE OPENED EXCEPT BY THE ORDER OF THE COURT."

3.3    If any Confidential Information is to be offered in any hearing, trial or other proceeding, the party or Person so offering such information shall, prior to doing so, advise the other Parties and Interested Persons of its intent to offer the same, and the other Parties and Interested Persons shall have the right to request the entry of order(s) by the Court, in limine or otherwise, to protect the confidentiality of the information before the information is used.

**3.4** Materials shall not be considered Confidential Information if such information is freely and generally available to persons who do not have obligations of confidentiality with respect thereto.

## 4. RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION

**4.1** All Confidential Information formally or informally discovered or voluntarily or involuntarily produced in this Action shall be used solely for the prosecution and/or defense of this Action, including without limitation, for purpose of evaluation of settlement and for settlement negotiations, but not for any other purpose.

**4.2** All Confidential Information shall be kept secure by the counsel for the Discovering Party ("Discovering Counsel") and access to Confidential Information shall be limited to persons authorized pursuant to paragraph 4.3 of this Order.

**4.3** For purposes of the preparation, hearing, trial, appeal, and settlement of this Action, and subject to the terms, conditions, and restrictions of this Protective Order, Confidential Information may be disclosed only to the following persons:

a. Counsel of record working on this Action on behalf of any party or Interested Person and counsel's partners, associates, paralegals, secretaries, clerks, support and stenographic personnel;

b. Corporate representatives (officers, directors, or employees of the Parties who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with this Action);

c. The Parties hereto, represented by undersigned counsel;

d. Court reporters and their staff;

4

e. The Court, under seal, including any person employed by the Court whose duties require access to Confidential Information;

f. Experts and consultants retained, specially employed, or informally consulted by any counsel of record concerning the preparation, trial or appeal of this Action and their secretarial and clerical employees; and

g. Witnesses who saw the information prior to the litigation.

h. Deposition witnesses questioned by counsel of record for a party to this Action, but only to the extent necessary to assist such counsel in the prosecution or defense of this Action, and provided that (i) such witness signs a confidentiality agreement as described in paragraph 4.4 and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign a confidentiality agreement, and such refusal is noted in the deposition record, counsel provides the witness a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to a Confidentiality Order in this case, may be used only in conjunction with that deposition and may not be communicated to any other person, and that any misuse of the Confidential Information will violate the Court's Order and may be punished as a contempt of Court.

4.4 All persons to whom Confidential Information is disclosed, other than the Parties and their counsel, prior to any disclosure to them, shall be given a copy of this Order and will be required, as a condition precedent to such disclosure, to sign a confidentiality agreement bearing the caption thereof and stating substantially in the following form:

"The undersigned has read and understands the Stipulated Protective Order entered in this case on _____, and agrees: (1) that s/he shall fully abide by the terms thereof and agrees to be subject to the jurisdiction of the Court for the purpose of the implementation and enforcement of the Stipulated Protective Order, (2) that s/he shall not disclose CONFIDENTIAL information to or discuss such information with any person who is not authorized pursuant to the terms of the order to receive the disclosure thereof and who has not signed a confidentiality agreement therein provided; and (3) that s/he shall not use said CONFIDENTIAL information for any purposes other than for the purposes of this litigation.'

Counsel disclosing Confidential Information shall maintain a record of all persons to whom Confidential Information is disclosed.

## 5. OBJECTIONS TO CONFIDENTIALITY

5.1 If a party believes that a document designated "Confidential" or sought to be designated "Confidential" does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel. In the event that such a dispute cannot be resolved by the Parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

## 6. NO WAIVER BY INADVERTENT PRODUCTION

6. If any Confidential Information is inadvertently disclosed or provided without being marked as confidential in accordance with paragraph 3 of this Order, the failure to so

designate or mark the material shall not be deemed a waiver of its confidentiality. Upon notice of the inadvertent disclosure, the information thereafter shall be treated as Confidential Information. If, prior to receiving such notice, the Confidential Information has been disseminated to person(s) not authorized to receive it, reasonable and good faith efforts to retrieve the Confidential Information and to otherwise assure that the recipient maintains the confidentially of the Confidential Information shall be made.

6.2   Nothing in this Order shall be seemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive any relevant privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any version of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information. Counsel agree that the "clawback" of inadvertently produced privileged or trial preparation materials shall be governed by all applicable rules governing the attorney-client privilege and work product doctrine, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Colorado and Model Rules of Professional Conduct.

## 7. RETURN OF CONFIDENTIAL INFORMATION

7.1   Within thirty (30) days after the final settlement or termination of this Action, all counsel of record shall either provide a certificate of destruction of Confidential Information, or return all copies of the Confidential Information, to the party providing the Confidential Information

## 8. SCOPE OF THIS ORDER

**8.1** This Protective Order is without prejudice to the right of any party or person to move this Court for an order further restricting disclosure or use of any Confidential Information

**8.2** Nothing in this Protective Order shall require production of information which the Parties contend is protected from disclosure by the attorney-client privilege or other recognized privileges, including the right of privacy or the work product doctrine

**8.3** This Protective Order is without prejudice to the right of any party to seek to modify or obtain relief from any aspect of this Order

**8.4** The placing of either a confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial. Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a confidentiality designation under this Order shall not be admissible for any purpose

**8.5** This Order is entered without prejudice to the right of any person to waive the applicability of this Order to any Confidential Information produced or disclosed by that person or party or to use any Confidential Information owned by that person in any manner that person or party deems appropriate

**8.6** All promises, agreements, obligations and covenants made in this Protective Order can be deemed to be orders of this Court, as well as a contractual undertaking of the Parties, and shall be specifically enforced by this Court by injunction or otherwise, and by any other relief deemed appropriate by this Court

8.7     The terms of this Protective Order shall survive and remain in full force and effect after the termination of this Action.

8.8     Each recipient of any Confidential Information hereby agrees to be subject to the jurisdiction of this court for the purpose of the implementation and enforcement of this Protective Order.

## 9. GREATER PROTECTIONS AND LIMITATIONS OF ACCESS

9.      Nothing contained in this Protective Order shall constitute a waiver of any party's right to assert that particular Confidential Information is entitled to greater protection and limitations of access than afforded by this Protective Order, including an assertion that such information should not be produced at all.

9.2     In the event that counsel for any party asserts that Confidential Information is entitled to such greater protection and limitations of access, counsel shall confer with counsel for all other Parties in an effort to resolve the matter. Agreements of counsel regarding such greater protection and limitation of access shall be set forth in writing and shall be, and hereby are, subject to the terms of this Protective Order. In the event counsel cannot reach an agreement, any party may move the Court for an Order further protecting and limiting access.

## 10. MISCELLANEOUS

10.1    The fact that a document contains both Confidential Information and other non-confidential information does not affect the confidential nature of the Confidential Information therein, and with regard to the procedures in this Protective Order, the entire document shall be treated as Confidential Information in accordance with the provisions of this Protective Order.

10.2   If, during a deposition, questions are asked with respect to any information or materials which counsel for any party or Interested Person reasonably believes may be subject to this Protective Order, counsel shall so advise all other Parties and Interested Persons. The deposition proceedings shall thereupon be conducted subject to the provisions of this Protective Order, and the entire deposition transcript shall be treated as Confidential Information. No later than ten days following the conclusion of such deposition, any party or Interested Person asserting that portions of the deposition are confidential shall notify the other party and Interested Persons in writing of the specific pages designated as Confidential Information under this Stipulated Protective Order. Thereafter, the remaining undesignated portions of the transcript will not be treated as "Confidential Information."

10.3   The provisions of 10. and 10.2 requiring entire documents and entire deposition transcripts to be treated as Confidential Information even when only portions thereof contain Confidential Information are intended to protect and control dissemination of the Confidential Information. Confidential portions of any such transcript or document shall be disclosed only to persons entitled to see the same pursuant to this Protective Order. Portions of any such document or transcript which are not designated as Confidential Information pursuant to Section 2. may be copied or quoted in connection with this Action (with any designated Confidential

Information appearing on the same page redacted) without further action being required under this Protective Order.

DATED AT DENVER, COLORADO, THIS 8 DAY OF April, 2010.

BY THE COURT:

_____
Richard P. Matsch
United States District Court Judge

dn-157917

STIPULATED AND AGREED BY:

s/Thomas D. Leland
Thomas D. Leland
Lathrop & Gage, LC-Denver
4650 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
Telephone: 720.931.3200
Facsimile: 720.931.3201
Email: tleland@lathropgage.com

*Attorneys for Plaintiff*
CANAL UNO TV - RELAD, S.A.,
an Ecuadorian Corporation

s/Stephanie L. Forbes
Scott F. Llewellyn (Reg. No. 34821)
Stephanie L. Forbes (Reg. No. 35098)
Morrison & Foerster LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510
Email: SLlewellyn@mofo.com
Email: SForbes@mofo.com

*Attorneys for Defendants*
DISH NETWORK, LLC, a Colorado Limited
Liability Company; and
DISH NETWORK CORPORATION, a Nevada
Corporation